**Debra JACKSON, et al., Plaintiffs,**

v.

**CITY OF BELLE GLADE, et al., Defendants.**

**No. 80–8156–CIV–JAG.**

United States District Court,
S. D. Florida, N. D.

Sept. 9, 1982.

Donald E. Mason, Florida Rural Legal Services, Inc., Belle Glade, Fla., for plaintiffs.

John E. Baker, Allen, Mathews & Baker, Belle Glade, Fla., S. Daniel Ponce, Pearson, Stewart, Richman & Greer, Miami, Fla., for defendants.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the Court upon the plaintiffs' Motion for Class Action Certification. The Court has considered the motion, and heard oral argument by counsel on July 9, 1982.

The plaintiffs in this case are alleging that the defendant CITY OF BELLE GLADE has engaged in and continues to engage in a practice and pattern of racial segregation and discrimination. Specifically, the plaintiffs allege violations of the Voting Rights Act, misuse of federal funds to perpetuate racial segregation and discrimination, and discriminatory housing and zoning practices.

The plaintiffs are seeking to have certified as a class in this litigation all black residents of the city of Belle Glade, Florida.

Before certifying this action as a class action, the Court must find that the four prerequisites for a class action have been met. The Court must find that: 1) the class is so numerous that joinder of all members is impracticable, 2) there are questions of law or fact common to the class, 3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and 4) the representative parties will fairly and adequately protect the interests of the class. Rule 23(a), Fed. R. Civ. P.

The Court finds that the typicality requirement of Rule 23(a)(3), Federal Rules of Civil Procedure, has not been satisfied. As estimated by plaintiffs, the proposed class will consist of approximately 7500 persons. Although the plaintiffs allege generally that all of the members suffer from discriminatory practices, the plaintiffs have failed to show that the claims of the representative parties are typical of the members of the proposed class.

It is likely that the proposed class, being comprised of all black residents of Belle Glade and numbering around 7500, will consist of a heterogenous group of persons whose claims will raise a multitude of varying factual questions, some of which may be inconsistent or conflicting with those of their fellow class members. For example, it is conceivable that there are members of the class who have benefitted from the City's utilization of federal funds or from the City's annexation policies.

The mere allegation that the City of Belle Glade has adopted discriminatory practices against black residents is insufficient for the Court to presume that the named representatives' claims are typical of the class

they purport to represent. In *General Telephone Co. of the Southwest v. Falcon,* —— U.S. ——, 102 S.Ct. 2364, 73 L.Ed.2d 740 (1982), which involved allegedly discriminatory practices by an employer against Mexican-Americans, the United States Supreme Court stated that

> the allegation that [racial] discrimination has occurred neither determines whether a class action may be maintained in accordance with Rule 23 nor defines the class that may be certified. Conceptually, there is a wide gap between (a) an individual's claim that he has been denied a promotion on discriminatory grounds, and his otherwise unsupported allegation that the company has a policy of discrimination, and (b) the existence of a class of persons who have suffered the same injury as that individual, such that the individual's claim and the class claims will share common questions of law or fact and that the individual's claim will be typical of the class claims. For [the plaintiff] to bridge that gap, he must prove much more than the validity of his own claim.

*Id.* at —— – ——, 102 S.Ct. at 2371–2372 (footnotes omitted).

The *Falcon* Court went on to characterize as tenuous any presumption that class claims are "fairly encompassed" within the representative parties claims in an across-the-board discrimination suit. *Id.* at ——, 102 S.Ct. at 2372. Accordingly, this court cannot presume from the allegations in the complaint that the named representatives have suffered from racially discriminatory practices of the City of Belle Glade, that those individuals' claims will be typical of all black residents of Belle Glade in the three broad areas of racially discriminatory conduct alleged.

Moreover, the court must also consider the fact that certification of the class of all black residents of the City of Belle Glade will be potentially unfair to the class members bound by the judgment if the framing of the class proves to be overbroad. *See Falcon* at ——, 102 S.Ct. at 2374. The potential prejudice to the class members

bound by the judgment is a substantial consideration in this case because of the large number of potential class members, the broad nature of the class definition, and the broad nature of the allegations of the complaint.

Thus, the court not being satisfied that the prerequisites of Rule 23(a) have been satisfied, it is accordingly

ORDERED AND ADJUDGED that the plaintiffs' Motion for Class Certification be and the same is hereby DENIED.